IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| SOLENA FUELS CORPORATION | * | Case No: 15-24430-WIL |
| Debtor | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| GARY A. ROSEN, Chapter 7 Trustee of SOLENA FUELS CORPORATION One Church Street, Suite 800 Rockville, Maryland 20850 | * * * | Adv. Proc. No: _____ |
| Plaintiff | * | |
| v. | * | |
| DR. ROBERT T. DO 10600 Red Barn Lane Potomac, Maryland 20854 | * * | |
| Defendant. | * | |

* * * * * * * * * * * *

**COMPLAINT TO RECOVER FRAUDULENT TRANSFERS**

Plaintiff, GARY A. ROSEN, Chapter 7 Trustee ("Trustee" or "Plaintiff") of SOLENA FUELS CORPORATION ("Solena"), by counsel, files this Complaint to Recover Fraudulent Transfers (this "Complaint") and requests entry of a judgment against Dr. Robert T. Do, MS., MD ("Defendant"), and for its reasons alleges as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 105, 502, 548, and 550.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B), (E), and (F), and the Trustee consents to the entry of final orders and judgments by this Court.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is brought pursuant to §§ 502, 548, and 550 of the Bankruptcy Code, as well as Part VII of the Federal Rules of Bankruptcy Procedure.

## PARTIES

5. Solena is a Maryland corporation. Solena was a company endeavoring to create and develop zero-emission bioenergy technology capable of producing a synthetic fuel gas from the thermal conversion of bio-based hydrocarbons.

6. On October 16, 2015, ("Petition Date") Solena filed for voluntary bankruptcy relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court") thereby commencing Solena's bankruptcy case number 15-24430-WIL ("Bankruptcy Case").

7. On October 17, 2015, Trustee was appointed Interim Trustee [Dkt. #6].

8. Defendant was employed by Solena as chief executive officer and president.

9. As of the Petition Date, Defendant personally owned more than 53% of the common stock of SGI, Inc. ("SGI"). SGI owned 95% of the membership interests of SFI Investors, LLC ("SFI"), and SFI owned 42% of the common stock of Solena.

## FACTS COMMON TO ALL COUNTS

10. On or about April 11, 2012, Solena and Defendant entered into an Executive Employment Agreement (as amended, "Employment Agreement"). Defendant also signed an Employee Proprietary Information and Invention Assignment Agreement on April 12, 2012, whereby Defendant agreed to (among other things) various non-disclosure obligations.

11. Further, commencing on or before April 11, 2012, and continuing through May 11, 2015, Defendant was elected to the Solena corporate board of directors as chairman.

12. Among other duties and responsibilities as chairman, CEO, and president of Solena, Defendant was tasked with soliciting funding for Solena's operations and to ensure the successful project development and operations of Solena in accordance with the general direction of the board of directors and shareholders of Solena.

13. Under Defendants' leadership, Solena failed to timely compensate employees and failed to compensate creditors of Solena.

14. Defendant repeatedly worked contrary to the direction of the board of directors and pursued his own agenda. Defendant frequently worked against the direction of the board of directors for the benefit of himself and his affiliated companies.

15. Do failed to devote his full time and attention to the business of Solena and spent exorbitant time on other personal and business affairs while an employee of Solena.

16. Defendant was subject to confidentiality and non-competition agreements pursuant to his employment with Solena.

17. Defendant was entrusted with intimate knowledge of Solena's trade secrets, proprietary, and confidential information. Defendant used such intimate knowledge, access, and familiarity of such confidential information to unilaterally and improperly disclose such information to third parties that he owned or controlled, such as SGI. Such improper use by Defendant constitutes a material breach of Defendant's employment and non-competition agreements with Solena and consequently caused damage to Solena.

18. Defendant also used Solena vendor relationships and funds to support personal projects and SGI's engineering efforts; directed Solena employees to provide services to SGI, including but not limited to engineering, legal, administrative and accounting services; engaged in travel funded by Solena for his own personal benefit and to promote SGI projects; and otherwise used Solena assets to develop projects for the benefit of himself and SGI. In taking such actions, Defendant squandered Solena assets and caused Solena to incur significant debts.

19. As an example, during Defendant's employment, Solena entered into a joint development agreement with PT Pertamina ("Pertamina") to develop a project in Indonesia utilizing Solena technology (the "Pertamina Project"). Solena engaged in considerable efforts to pursue this opportunity and expended considerable resources to develop the project. In his capacity as president and CEO, Defendant assigned the project to SGI without providing

sufficient consideration to Solena. Despite the assignment, Defendant continued to use Solena employees and assets to develop the project for the benefit of himself and SGI. Similarly, Defendant regularly used employees and resources of Solena to support other projects intended to benefit SGI or other entities, including, among others, a project in Indonesia (the "Solo Project"). Such employees and resources were used with no discernable benefit redounding to Solena. Upon information and belief, there were several other projects that Defendant caused Solena to directly or indirectly fund, with no discernable benefit to Solena.

20. Defendant received payroll during the period of January 2, 2015, through the Petition Date (10 ½ months), in the amount of $138,654.00. These funds were not earned and no value was given to Solena in exchange for these transfers.

21. Defendant's affiliate, SGI, entered into an Amended and Restated Exclusive Patent License Agreement, dated April 11, 2012 ("License Agreement"), whereby Defendant caused Solena to grant a patent license to SGI, Inc. to license and exploit Solena's patents and patent applications, subject to the License Agreement terms and conditions. Defendant exceeded the scope of the License Agreement and misused Solena's proprietary information and technology for his and SGI's personal gain in direct breach of his duties and obligations to Solena as chairman of the board, CEO, and president.

22. Prior to May 11, 2015, SGI ceased performing any business operations, had only one employee to operate the business, was financially insolvent, lacked any human resource or infrastructure capacity to operate or generate revenue. As such, SGI was unable to meet its obligations under the License Agreement, and therefore in breach of its obligations under the License Agreement.

23. When Solena filed for bankruptcy protection, scheduled claims against Solena equaled $4,895,860.66.

24. Timely filed proofs of claim in the bankruptcy case, by non-insiders, total approximately $533,117.34.

## COUNT I – CONSTRUCTIVE FRAUD – BREACH OF FIDUCIARY DUTY

25. The Plaintiff repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

26. The Defendant was president, CEO, and chairman of the board of directors of Solena.

27. In such capacities, the Defendant owed Solena fiduciary duties including (but not limited to) the duty of loyalty, the duty of care, and the duty of disclosure.

28. Due to Defendants ownership interests in SGI, Defendant had a clear conflict of interest. Defendant failed to adequately protect the interests of Solena despite this conflict of interest.

29. The Defendant failed to make business decisions in good faith, and failed to use reasonable care. Further, Defendant failed to adequately protect the interests of Solena and favored himself and other companies over the interest of Solena. Such failure constitutes a breach of the duty of care owed by Defendant to Solena.

30. The failure by Defendant to use reasonable care caused injury to Solena by causing Solena to lose valuable contracts and business relationships and, consequently, file for bankruptcy protection.

31. The Defendant utilized the Solena's business relationships, business information, and technology for the Defendant's own personal gain, in direct breach of the Defendant's duties of loyalty and disclosure owed to Solena.

32. The Defendant's competition with the Solena business caused direct injury to the Debtor in the form of squandering working capital, lost profits and loss of valuable business relationships.

33. Defendant has breached his fiduciary duties owed to Solena and has acted adverse to the interest and welfare of Solena.

34. By breaching the fiduciaries owed to the Debtor, Defendant has constructively defrauded the Debtor by causing the Debtor to incur significant liabilities to creditors and then filing for bankruptcy protection.

35. Debtor improperly used Solena as a vehicle for his own personal benefit by causing Solena to incur liabilities and other expenses for the benefit of himself and his affiliated companies.

36. Such improper use constitutes constructive fraud on Solena.

### COUNT II – FRAUDULENT TRANSFER

37. The Plaintiff repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

38. During the two years prior to the Petition Date, the Debtor made various transfers to the Defendant in the form of a salary of $316,923.42. The foregoing represents the $138,654 salary over 10 ½ months (set forth in the Statement of Financial Affairs), which is then annualized to equal $158,461.71, and then applied over such two-year period.

39. Over such two-year period, the Defendant failed to provide valuable services to the Debtor and breached various duties owed to Solena. Despite this, Solena made such salary transfers and payments.

40. Because the Defendant failed to provide return consideration for such salary transfers, Solena failed to receive a reasonably equivalent value in exchange for such transfers.

41. On the date of such transfers, and at all times during such two-year period prior to the Petition Date, Solena was insolvent, or (in the alternative) became insolvent as a result of the salary transfers because the Defendant's failure to perform valuable services directly or indirectly caused the Debtor to lose valuable business relationships, resulting in Solena becoming financially insolvent.

42. On the date of such transfers, and at all times during such two-year period prior to the Petition Date, Solena's capital position was unreasonably small and grossly inadequate in order to continue as a going concern.

43. By continuing to make such transfers, but while still contractually obligated to make such payments, Solena involuntarily continued to incur debts that Solena knew would be beyond its ability to pay.

44. As stockholder, president, CEO, and chairman of the board of directors, Defendant was an insider.

45. As an insider, Defendant received such salary transfers pursuant to an employment contract.  Due to the magnitude of Defendant's salary, and the Defendant's status as an insider, Solena made such transfers not in the ordinary course of business.

46. Pursuant to Bankruptcy Code § 548, such salary transfers to Defendant are avoidable.

### COUNT III – FRAUDULENT TRANSFER

47. The Plaintiff repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

48. During the two years prior to the Petition Date, Solena made various transfers to the Defendant and/or entities under his control in the form of business opportunities, contracts, know-how, and intellectual property.  Further, Defendant incurred significant expenses that were charged to Solena even though Solena received no benefit and Defendant intended that such expenses would be of no benefit to Solena.

49. Over such two-year period, the Defendant failed to provide valuable consideration to Solena and breached various duties owed to Solena.  Despite this, Solena made such transfers.

50. Because the Defendant failed to provide return consideration for such transfers, Solena failed to receive a reasonably equivalent value in exchange for such transfers.

51. On the date of such transfers, and at all times during such two-year period prior to the Petition Date, Solena was insolvent, or (in the alternative) became insolvent as a result of the transfers because the Defendant's transfers caused Solena to lose valuable business relationships and opportunities, resulting in the Debtor becoming financially insolvent.

52. On the date of such transfers, and at all times during such two-year period prior to the Petition Date, Solena's capital position was unreasonably small and grossly inadequate in order to continue as a going concern.

53. By continuing to make such transfers, Solena involuntarily continued to incur debts that Solena knew would be beyond its ability to pay.

54. As stockholder, president, CEO, and chairman of the board of directors, Defendant was an insider.

55. As an insider, Defendant, or his affiliates, received such transfers pursuant to conduct that he unilaterally engaged and by utilizing his status as an insider. Due to the magnitude of transfers, and the Defendant's status as an insider, Solena made such transfers not in the ordinary course of business.

56. Pursuant to Bankruptcy Code § 548, such salary transfers to Defendant are avoidable.

## COUNT IV – RECOVERY OF MONEY AND PROPERTY

57. The Plaintiff repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

58. Solena did not receive fair consideration in exchange for the transfers made to Defendant.

59. The transfer on behalf of Solena to the Defendant should be avoided, preserved, and turned over for the benefit of the bankruptcy estate pursuant to the provisions of §§ 548 and 550 of the Bankruptcy Code.

60. Because the transfer to the Defendant is avoidable, Solena is entitled to recover the property or its value from the Defendant.

61. The Defendant is the transferee of the funds, and therefore Solena is entitled to recover the value of the funds from the Defendant.

## COUNT V – BREACH OF PROMISSORY NOTE

62. On June 19, 2012, Defendant as borrower, and Solena as holder, executed a promissory note evidencing an indebtedness of Defendant to Solena in the principal sum of twenty thousand dollars ($20,000.00) (the "Note").

63. Defendant and Solena executed two allonges to the Note, the first amending and restating the maturity date to June 19, 2013 ("First Allonge"), and the second amending and restating the maturity date to December 19, 2013 ("Second Allonge").

64. According to the terms of the Note, interest accrued on any "unpaid principal balance at a simple interest rate of 5.00% per annum for the first 3 months of the term, increasing to 8.00% per annum."

65. Further according to the terms of the Note, the entire unpaid principal sum and unpaid interest became immediately due and payable without further act upon "termination or resignation of Borrower from his position at Solena."

66. The entire unpaid amount of the Note became due and payable in full on December 19, 2013.

67. Defendant's position was terminated at Solena on May 11, 2015.

68. Pursuant to the terms of the Note, in the event of default by borrower (Defendant), Solena is entitled to recover "all expenses, including reasonable attorneys' fees and legal costs, actually and reasonably incurred by Holder of this Note in collecting any amounts payable hereunder which are not paid when due."

69. Defendant failed to make any payments on the Note on or before December 19, 2013, the Maturity Date, and is therefore in default.

70. Defendant was terminated from his position with Solena and thereafter Defendant failed to make any payment on the Note, and is therefore in default.

71. Defendant has failed to make any payments pursuant to the Note, and therefore is in default for the entire balance of the Note, including $20,000 principal sum, outstanding interest, and all expenses reasonably and actually incurred to collect such amounts (including reasonable attorneys' fees).

72. The default provision in the Note applies as a result of Defendant's failure to pay the full amount of the Note by December 19, 2013 the Maturity Date, or upon his termination from Solena on May 11, 2015.  Solena is, accordingly, entitled to recover the principal amount of the Note, plus interest, and all fees, expenses and costs including, but not limited to reasonable attorneys' fees incurred in collection of the Note.

73. Solena sent Defendant a demand notice specifying each default on May 27, 2015.

74. As a result of Defendants' failure to make payment under the Note, Solena has suffered damages and continues to suffer damages, in the amount of $20,000.00, plus interest and related attorneys' fees, expenses and costs.

COUNT VI – PRESERVATION OF AVOIDED TRANSFERS

75. The Plaintiff repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

76. Each of the transfers identified in Counts I, II, and III, may be avoided, recovered, and preserved for the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550.

WHEREFORE, the Plaintiff, Gary A. Rosen, Chapter 7 Trustee of Solena Fuels Corporation, respectfully requests that this Court enter a judgment in its favor against the Defendant, Dr. Robert T. Do, MS., MD, which finds that all transfers by Solena for salary, benefits, and compensation, in the total amount of $316,923.42, are avoidable by, and shall be returned to, the Plaintiff, and that all transfers by Solena to the Defendant and/or entities under his control in the form of business opportunities, contracts, know-how, and intellectual property, or otherwise improperly expended by Solena, are avoidable by, and shall be returned to, the Plaintiff, and that the Defendant has breached his fiduciary duty owed to Solena and thereby

constructively defrauded Solena, causing damages in an amount no less than $533,117.24, and that Defendant is in breach of his promissory note in the principal amount of $20,000, plus interest, and expenses to collect amounts due under the promissory note, and that Defendant be ordered to pay to the Plaintiff $870,040.66, or such greater amount as is proven at trial, plus attorneys' fees, court costs, pre-judgment interest, and post-judgment interest in the amount of 10% per annum.  Additionally, Plaintiff requests any other relief as the Court deems appropriate.

                Respectfully submitted,

Dated:  November 30, 2017

*/s/ Paul Sweeney*
Paul Sweeney, Esquire, 07072
Andrew Gerlowski, Esquire, 19953
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
10211 Wincopin Circle, Suite 500
Columbia, Maryland  21044
Phone:  (443) 569-5972
Fax:  (410) 571-2798
Email: psweeney@yvslaw.com
Email: agerlowski@yvslaw.com
Counsel for Plaintiff, Gary A. Rosen,
Chapter 7 Trustee of Solena Fuels Corporation