UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | Case No. 15-24430-WIL |
| | * | |
| SOLENA FUELS CORPORATION | * | (Chapter 7) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GARY A. ROSEN, | * | |
| Chapter 7 Trustee | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adv. Pro. 17-00471 |
| | * | |
| DR. ROBERT T. DO | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S BRIEF IN SUPPORT OF THIS COURT'S
CONTINUED JURISDICTION OVER THIS ADVERSARY PROCEEDING**

On May 7, 2018, the Court held a hearing on the motion to dismiss (the "Motion to Dismiss") filed by Robert T. Do (the "Defendant"), the defendant in the above captioned adversary proceeding (the "Adversary Proceeding"). During the hearing, the Court requested that the parties file briefs addressing this Court's continued jurisdiction over this Adversary Proceeding subsequent to the sale and transfer of such underlying claims from the Trustee (defined below) to the Plaintiff (defined below). In support thereof, the Plaintiff respectfully files this Brief in Support of this Court's Continued Jurisdiction over this Adversary Proceeding, and states as follows:

**PROCEDURAL BACKGROUND**

1. Gary R. Rosen, the chapter 7 trustee in the above captioned bankruptcy case (the "Trustee"), initiated this Adversary Proceeding by filing a complaint against the Defendant on or

1

about November 30, 2017 (the "Complaint") [Adversary Proceeding, Dkt. No. 1]. The Complaint alleges six claims including claims for avoidance, recovery, and preservation of the bankruptcy estate under 11 U.S.C. §§ 548 and 550. *Id.* The Complaint undisputedly includes core claims under 28 U.S.C. § 157(b)(2). *Id.* The Defendant filed the Motion to Dismiss on or about January 29, 2018. [Adversary Proceeding Dkt. No. 8].

2. Nearly two months after the filing of this Adversary Proceeding, on or about January 25, 2018, the Trustee filed a Motion for Entry of an Order Approving a Proposed Sale and Settlement Agreement, which sought to sell, assign, and transfer the claims at issue in the Adversary Proceeding and certain other claims as more specifically identified in the Settlement Agreement (the "Sale Motion"), to Rajeev Sharma, Aryeh Davis, Avi Hoffer, Richard Wenzel, Brian Miloski, Joseph Carlin, Richard Cohen, Arthur Samberg, GreenFuel Technology LLC, Acadia Woods Partners, LLC, Samberg Family Foundation, Inc., SGNA LLC, GA Development, LLC, SAN Development Company, LLC, ZLC Investments, LLC, ALQIMI CE&F Holdings, LLC, and ALQIMI Technology Solutions, Inc. (collectively, the "Plaintiff") [Main Case, Dkt No. 39].

3. On March 5, 2018, the Court granted the Sale Motion (the "Sale Order") [Main Case, Dkt. 44].

## LEGAL ANALYSIS

4. It is well settled that Bankruptcy Courts derive jurisdiction from District Courts. *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007) (citing 28 U.S.C. § 157(a), (b)(1)). District Courts have 'original and exclusive jurisdiction of all cases under title 11,' and 'original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.'" *Id.* (quoting 28 U.S.C. § 1334(a), (b)).

5. "Bankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in a case under title 11.'" *Stern v. Marshall*, 564 U.S. 462, 474–75 (2011) (quoting 11 U.S.C. § 157(b)(1). "[C]ore proceedings are those that arise in a bankruptcy case or under Title 11. The detailed list of core proceedings in § 157(b)(2) provides courts with ready examples of such matters." *Id.* at 476. "In non-core proceedings, the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment." *Id.* at 471.

6. When determining its jurisdiction, a court is to look to the facts as they exist when the complaint is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). In *Freeport-McMoRan*, a plaintiff filed a breach of contract suit alleging diversity jurisdiction, but subsequently sold its rights in the contract to another entity. *Id.* The Court held that the trial court was not divested of jurisdiction when a new party was added to the litigation, even though complete diversity no longer existed. *Id.* The Court explained that under the general rules governing federal court jurisdiction, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Id.* at 428.

7. The above referenced rule has been applied to bankruptcy cases. *See In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997) (citing *Freeport-McMoRan*, 498 U.S. at 458, for the premise that a bankruptcy court's jurisdiction is determined at the commencement of the litigation and subsequent events cannot divest the court of jurisdiction); *In re Oxley Dev. Co., LLC*, 493 B.R. 275, 285 (Bankr. N.D. Ga. 2013) (holding that court must determine jurisdiction at the time case is filed; whether bankruptcy action is later dismissed is irrelevant); *In re New York Skyline, Inc.*, 471 B.R. 69, 78 (Bankr. S.D.N.Y. 2012) (holding that jurisdiction existed because, at the time the action was commenced, the debtor was a party to each of the claims and

counterclaims and their resolution would have a conceivable effect on debtor's estate); *In re SemCrude, L.P.*, 428 B.R. 82, 96 (Bankr. D. Del. 2010) ("The general rule is that subject matter jurisdiction is based on the state of facts that existed at the time an action is filed."). *See also Faulkner v. Kornman*, No. MC 10-301, 2015 WL 1061736, at *1 (Bankr. S.D. Tex. Mar. 6, 2015) ("A subsequent change in circumstances will not terminate subject matter jurisdiction that existed at the commencement of the case.").

8. A contrary ruling would be unworkable. A decision that the Bankruptcy Court's jurisdiction can be destroyed by the subsequent transfer of claims would hamstring trustees seeking to maximize the assets of the bankruptcy estate. For example, although the claims at issue here were transferred relatively early in the litigation, other trustees may find that they are not able to maximize the value of a claim until after preliminary motions, after discovery, or after summary judgment motions. A ruling indicating that such transfers would terminate the court's jurisdiction would effectively render the transfer of claims unavailable to trustees, thereby depriving such trustees of a cost effective and efficient way to monetize the value of such assets for the benefit of bankruptcy estate. Additionally, such a ruling would provide a disincentive to trustees bringing claims in the first instance if there are questions regarding their ability to prosecute such claims to conclusion.

9. Here, there is no dispute that the Complaint filed by the Trustee alleged core claims as defined by 28 U.S.C. § 157(b)(2), and that this Court held jurisdiction over such claims when the Complaint was filed. Count I of the Complaint is grounded in constructive fraud, alleging that the Defendant breached his fiduciary duties to the Debtor, thereby causing the Debtor to incur liabilities and other expenses for the Defendant's benefit and the benefit of his affiliated companies, to the detriment of the Debtor. Counts II and III of the Complaint allege

affirmative transfers of the Debtor's assets for the Defendant's own benefit. Counts IV and VI of the Complaint relate to the preservation and recovery of assets related to those claims. Count V of the Complaint seeks recovery and turnover of a sum certain that was owed to the bankruptcy estate. All of these claims are core proceedings properly within the jurisdiction of this Court pursuant to 28 U.S.C. § 157(2).

10. For all of these reasons, the Defendant's argument must be rejected. In support of his position that this Court does not have jurisdiction, the Defendant relies on a claim that was raised "[in] the post confirmation context." Def. Mem. at 3 (quoting *Lain v. Erickson*, No. WDQ-11-3736, 2013 U.S. Dist. LEXIS 176088, at *9 (D. Md. Dec. 6, 2013)). Those facts are not analogous now, and were particularly not analogous at the time the Complaint was filed. The Defendant cites no basis for the Court to conclude that it should evaluate its jurisdiction at a time other than when this Adversary Proceeding was commenced. Under the appropriate analysis, the Court has jurisdiction and this Adversary Proceeding should proceed in this Court notwithstanding the subsequent sale and transfer of the causes of action underlying this Adversary Proceeding.

*[remainder of page intentionally left blank]*

WHEREFORE, for the reasons stated herein, the Plaintiff contends that this Court has appropriate and continuing jurisdiction over this Adversary Proceeding and, in that regard, respectfully requests that this Court permit this Adversary Proceeding to proceed in this Court and for such other and further relief as is just and appropriate under the circumstances of this case.

Respectfully submitted,

Dated: May 29, 2018

/s/ Jonathan L. Gold
Jonathan L. Gold
Michael Best & Friedrich LLP
601 Pennsylvania Avenue NW, Suite 700 S.
Washington DC, 20004
202.747.9594
jlgold@michaelbest.com

and

Mark H.M. Sosnowsky (admitted PHV)
Drink Biddle & Reath LLP
1500 K Street, N.W.
Washington, DC 20005
202.354.1327
mark.sosnowsky@dbr.com

*Counsel to the Purchasers*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 29, 2018, I electronically filed the foregoing ***Brief in Support of this Court's Continued Jurisdiction over this Adversary Proceeding***, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Paul Sweeney
Andrew Gerlowski
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
10211 Wincopin Circle, Suite 500
Columbia, Maryland 21044
Email: psweeney@yvslaw.com
Email: agerlowski@yvslaw.com

William Day
William Day Law Group, LLC
98 Church Street
Rockville, MD 20850
301-605-1722
williamdaylaw.com
Day@williamdaylaw.com

        /s/ Jonathan L. Gold
        Jonathan L. Gold,
        Counsel to the Plaintiff