UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| SOLENA FUELS CORPORATION | : | Case No. 15-24430-WIL |
| | : | (Chapter 7) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY A. ROSEN, | : | |
| Chapter 7 Trustee | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. 17-00471 |
| | : | |
| DR. ROBERT T. DO | : | |
| | : | |
| Defendant. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Defendant Dr. Robert Do ("Dr. Do"), by and through counsel, William D. Day, respectfully submits his Response to Plaintiff's Opposition to Defendant's Motion for Leave to File an Amended Answer. In support thereof, Defendant Dr. Do relies on the following:

ARGUMENT

In the interest of justice, Dr. Do should be allowed leave to amend his Answer. The Supreme Court has ruled that leave to amend a pleading should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

A.     There Was No Undue Delay.

Dr. Do just discovered the scrivener's error in his preparation to timely file dispositive motions, which was only a little over three months after his Answer was filed.  Having just discovered the error and having filed an Answer only about three months prior, Dr. Do's Motion to for Leave to Amend was filed without undue delay.

B.     There Was No Bad Faith.

There is no bad faith in Dr. Do's request to file leave to amend or in his unintentional omission of the statute of limitations defense in his original Answer.  The Fifth Affirmative Defense was intended to assert a statute of limitations defense and instead asserted a defense identical to the Fourth Affirmative Defense, such a scrivener's error cannot be seen to be in bad faith.

C.     Plaintiff Will Not Suffer Undue Prejudice.

Allowing Dr. Do to amend his Answer to plead a statute of limitations defense will not cause Plaintiff to suffer undue prejudice.  "The fact that plaintiffs' claims may be determined to be barred by the statute of limitations does not amount to prejudice sufficient to defeat an amendment." *Mulvey Const., Inc.*, 2011 WL 1231603, at *2 (*quoting Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc*., 4:05-CV-0033, 2006 WL 1289545, *3 (M.D. Pa. May 9, 2006)); *see also Lynam v. Foot First Podiatry Ctrs., P.C*., 919 F. Supp. 1141, 1149 n. 7 (N.D. Ill. 1996) (explaining that because plaintiff will be foreclosed from pursuing her claim if defendant is allowed to amend to assert limitations "is not the type of prejudice that is considered by the court in making its determination" as to whether to grant leave to amend). "Nor is the time, effort, and money that the plaintiff expended in litigating their case to this point substantial prejudice." *Nat'l Recovery Agency, Inc*., 2006 WL 1289545, at *3; *see also Block v. First Blood Assocs*., 988 F.2d 344, 351 (2nd Cir.1993) (concluding that district court did not abuse its discretion in granting defendants

leave to amend their answer to raise limitations defense and concluding that the time, effort, and money expended by the plaintiffs in litigating the case did not arise to substantial prejudice).

    D.    <u>Defendant's Amendment Is Not Futile.</u>

Dr. Do's amending of his Answer to include a statute of limitations defense is not futile. Plaintiff argues that Dr. Do signed a tolling agreement and thereby extinguished his statute of limitations defense. However, the tolling agreement specifically states that "in the event that the Trustee files an adversary complaint against the SGI Parties, the Parties acknowledge and agree that no provision of this Agreement is intended to nor shall be construed as waving, or altering any of their respective rights, remedies, claims or defenses." Therefore Dr. Do has not waived his right to claim a statute of limitations defense. Further, the tolling agreement goes on to declare that "[n]othing in this Agreement, or in the circumstances which gave rise to this Agreement, shall be construed as an acknowledgment by any Party that any Cause of Action has or has not been barred, or is about to be barred, by the statutes of limitations, or repose, laches, or any other defense based on the lapse of time." Additionally, the tolling agreement intentionally carved out an exception for tolling the statute of limitations "to the extent those defenses did not already exist as of the Effective Date."

Dr. Do did not waive his statute of limitations defense. Further, Dr. Do fully retained his right to assert this defense to the extent the statute of limitations had already expired prior to the effective date of the tolling agreement. At the very least, the statute of limitations had expired on Plaintiff's right to collect on the Note prior to the filing of the Complaint or the effective date of the tolling agreement. The statute of limitations to file suit for collection on a note is three years. *See* D.C. Code 1973, § 12-301. The Note was due in its entirety, including principal and interest, on December 19, 2013. The Complaint was filed in this matter on November 11, 2017,

almost four years later.

Dr. Do's motion is not unduly delayed, futile or in bad faith; furthermore, Plaintiff will not be unduly prejudiced. In the interest of justice, Dr. Do should be allowed to amend his Answer to correct the scrivener's error and assert his statute of limitations defense.

Respectfully Submitted,

';

____/wdd/ William D. Day_____
William D. Day, Bar No. 16710
4701 Sangamore Rd., Ste 100N
Bethesda, MD 20816
P: 202-253-3576
Day@WilliamDayLaw.com

### CERTIFICATE OF SERVICE

I certify that on November 12, 2018, a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER was served on the parties via ECF.

____/wdd/ William D. Day_____
William D. Day, Bar No. 16710